UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HENRY BROWN,

       Petitioner,

v.

                                  Case No. 17-cv-13817
                                Honorable George Caram Steeh

SHANE JACKSON,

       Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTIONS
FOR PARTIAL SUMMARY DISPOSITION [ECF NO. 12],
FOR LEAVE TO CONDUCT DISCOVERY [ECF NO. 13],
FOR AN EVIDENTIARY HEARING [ECF NO. 14], AND FOR
PERMISSION TO SUBMIT INTERROGATORIES [ECF NO. 15]**

**I. Introduction**

Petitioner Henry Brown, a state prisoner at the Carson City Correctional Facility in Carson City, Michigan, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted of assault with intent to commit murder, Mich. Comp. Laws § 750.83, felon in possession of a firearm, Mich. Comp. Laws § 750.224f, and possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b.

Petitioner alleges in his habeas corpus petition that: (1) his sentence is cruel and unusual punishment; (2) the victim's out-of-court statements were inadmissible hearsay; (3) the evidence was insufficient to sustain his convictions; (4) his trial and appellate attorneys were ineffective; and (5) the prosecutor (a) failed to correct perjured testimony and (b) suppressed exculpatory impeachment evidence. The State argues in an answer to the habeas petition that: (1) the state court reasonably applied clearly established federal law when it adjudicated petitioner's sentencing claim; (2) petitioner's evidentiary claim is not cognizable on habeas review, and his claim under the Confrontation Clause is abandoned and meritless; (3) there was sufficient evidence to convict petitioner; (4) petitioner has not proved the factual predicate for his claim about trial counsel, and petitioner's claim about appellate counsel is procedurally defaulted and meritless; and (5) petitioner's prosecutorial-misconduct claim is procedurally defaulted and meritless.

Currently before the Court are petitioner's motions for partial summary disposition (ECF No. 12), for leave to conduct discovery (ECF No. 13), for an evidentiary hearing (ECF No. 14), and for leave to submit interrogatories (ECF No. 15). The State opposes any requests for discovery or any other relief.

## II. Analysis

### A. The Motion for Partial Summary Disposition

Petitioner seeks summary disposition of his firearm convictions. He claims that the State failed to prove he had constructive possession of the weapon used in the crime.

> Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. Rule Civ. Proc. 56(c). When the nonmoving party bears the burden of proof at trial, summary judgment is warranted if the nonmovant fails to "make a showing sufficient to establish the existence of an element essential to [its] case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). In determining whether a material factual dispute exists, the Court views the evidence through the prism of the controlling legal standard. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

*Nebraska v. Wyoming*, 507 U.S. 584, 590 (1993).

The relevant question on review of the sufficiency of the evidence to support a criminal conviction is "is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). Whether a defendant had constructive possession of a firearm is an issue of fact for the trier of fact to decide. *United States v. Zaleski*, 686 F.3d 90, 93

(2d Cir. 2012). Therefore, petitioner is not entitled to summary judgment as a matter of law, and his motion for partial summary disposition (ECF No. 12) is denied.

## B. The Motions for Leave to Conduct Discovery and Submit Interrogatories

Petitioner seeks permission to conduct discovery and to submit interrogatories about his criminal case. His goal is to demonstrate that the victim of his crimes was not shot in the chest and that she staged the crime scene.

The Supreme Court has held that, "in appropriate circumstances, a district court, confronted by a petition for habeas corpus which establishes a prima facie case for relief, may use or authorize the use of suitable discovery procedures, including interrogatories, reasonably fashioned to elicit facts necessary to help the court to 'dispose of the matter as law and justice require.' 28 U.S.C. § 2243." *Harris v. Nelson*, 394 U.S. 286, 290 (1969). Habeas petitioners, however, are not entitled to discovery as a matter of course. *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). "Rule 6(a) [of the Rules Governing Section 2254 Cases] makes it clear that the scope and

extent of such discovery is a matter confided to the discretion of the District Court." *Id.* at 909.

The evidence at trial established that petitioner shot the victim in the chest, and the Michigan Court of Appeals described the evidence of petitioner's guilt as "overwhelming." *People v. Brown*, No. 310156, 2013 WL 4487506, at *5 (Mich. Ct. App. Aug. 22, 2013). On habeas review, a court does not sit to re-try state cases *de novo*; rather, the Court must review a state-court case for violations of federal constitutional standards. *Milton v. Wainwright*, 407 U.S. 371, 377 (1972). Additionally, the Court may grant habeas relief only if the state-court rulings in the case resulted in decisions that were contrary to clearly established federal law, unreasonable applications of clearly established federal law, or unreasonable determinations of the facts. 28 U.S.C. § 2254(d).

In the present case, the Court does not believe that any attempt to discover additional facts about the victim's injuries or the credibility of witnesses is necessary to help the Court dispose of the issues as law and justice require. The Court therefore denies petitioner's motion for discovery (ECF No. 13) and for permission to submit interrogatories (ECF No. 15).

## C. The Motion for an Evidentiary Hearing

Petitioner seeks an evidentiary hearing to develop the facts relevant to his claims about the prosecutor and his trial and appellate attorneys. The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) govern this case, and

> AEDPA restricts the availability of federal evidentiary hearings. *See Davis v. Lafler*, 658 F.3d 525, 539 (6th Cir. 2011) (*en banc*) (Martin, J., concurring in part). For a claim that was adjudicated on the merits in a state court proceeding, sections 2254(d)(1) and (d)(2) of AEDPA apply, and the district court is limited to the record that was before the state court at the time. *See* [*Cullen v. Pinholster*, 563 U.S. 170, 181]; 28 U.S.C. § 2254(d)(2).

*Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012).

The Michigan Court of Appeals found no merit in petitioner's claims about trial counsel, and the State maintains that petitioner's claims about the prosecutor and appellate counsel are procedurally defaulted and meritless. The Court, therefore, does not believe that an evidentiary hearing is warranted. Accordingly, the Court denies petitioner's motion for an evidentiary hearing (ECF No. 14).

## III. Conclusion and Order

For the reasons given above, petitioner is not entitled to the relief he seeks in his pending motions. Accordingly, the Court denies petitioner's motions for a partial summary disposition (ECF No. 12), for leave to conduct

discovery (ECF No. 13), for evidentiary hearing (ECF No. 14), and for leave to submit interrogatories (ECF No. 15).

Dated: December 19, 2018

s/George Caram Steeh<br>GEORGE CARAM STEEH<br>UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on December 19, 2018, by electronic and/or ordinary mail and also on Henry Brown #281484, Carson City Correctional Facility, 10522 Boyer Road, Carson City, MI 48811.

s/Barbara Radke
Deputy Clerk