UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HENRY BROWN,

    Petitioner,

                      Case Number: 2:17-CV-13817
                      HON. JUDGE GEORGE CARAM STEEH

v.

RANDEE REWERTS,

    Respondent.
_____/

## **OPINION AND ORDER DENYING THE MOTION TO STAY THE PROCEEDINGS AND TO HOLD THE HABEAS PETITION IN ABEYANCE**

On June 20, 2019, this Court denied petitioner's application for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The Court also denied petitioner a certificate of appealability or leave to appeal *in forma pauperis. See Brown v. Rewerts*, No. 2:17-CV-13817, 2019 WL 2539317 (E.D. Mich. June 20, 2019).

Petitioner has now filed a motion to hold the petition in abeyance so that he can return to the state court to exhaust additional claims that were not included in his original petition. For the reasons that follow, the motion is DENIED.

The Court will deny the motion to hold the petition in abeyance

-1-

pending the exhaustion of these additional claims because petitioner has not received authorization from the Sixth Circuit to file a successive petition for a writ of habeas corpus challenging these claims in federal court. As mentioned above, this Court has already denied petitioner habeas relief with respect to his convictions.

Before a second or successive habeas petition is filed in a federal district court, a habeas petitioner shall move in the appropriate court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); *In re Wilson,* 142 F.3d 939, 940 (6th Cir. 1998). Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for a writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. *Ferrazza v. Tessmer*, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999).

A federal court is without jurisdiction to enter a stay of proceedings in connection with a successive habeas petition absent express authorization by the applicable court of appeals pursuant to 28 U.S.C. § 2244(b)(3)(A). *See Alley v. Bell,* 392 F.3d 822, 833 (6th Cir. 2004); *see also Kutzner v.*

*Cockrell,* 303 F.3d 333, 338 (5th Cir. 2002). In addition, this Court would lack the jurisdiction to allow petitioner to file an amended habeas petition which added these successive habeas claims, in the absence of a pre-filing authorization from the Sixth Circuit. *Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004). Finally, under Fed. R. Civ. P. 15, once a judgment has been entered in a case, including a habeas case, the filing of an amendment cannot be allowed until the judgment is set aside or vacated. *See Bishop v. Lane,* 478 F. Supp. 865. 866-67 (E.D. Tenn. 1978); *see also Pitts v. Champion,* 16 F. App'x 975, 977 (10th Cir. 2001). Accordingly, the Court will deny the motion for abeyance without prejudice to petitioner's ability to seek permission from the Sixth Circuit to file a successive habeas petition once petitioner has exhausted these additional claims in the state courts.

IT IS ORDERED that the motion to hold the petition in abeyance [Dkt. Entry # 23] is DENIED. The denial is without prejudice to petitioner's ability to seek permission from the Sixth Circuit to file a successive habeas petition once petitioner has exhausted his claims in the state courts.

Dated: July 11, 2019

                                        s/George Caram Steeh
                                        GEORGE CARAM STEEH
                                        UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on July 11, 2019, by electronic and/or ordinary mail and also on Henry Brown #281484, Carson City Correctional Facility, 10522 Boyer Road, Carson City, MI 48811.

s/Barbara Radke
Deputy Clerk